UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TONEY LANHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:12 CV 211 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION and ORDER**

Toney Lanham, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2011 escape conviction in Elkhart County. (DE # 1.) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

According to the petition, Lanham was convicted of escape as a class D felony and on December 12, 2011, he was sentenced to two years in prison. (DE # 1 at 1.) He did not pursue a direct appeal or seek post-conviction relief. (*Id.* at 1-2.) On April 18, 2012, he filed this federal petition raising one claim pertaining to the sufficiency of the evidence. (*Id.* at 4.)

Lanham's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *See id.*

Here, it is apparent from the petition that Lanham has not yet presented his claim in one complete round of state review. (DE # 1 at 4.) Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition is subject to dismissal.

The court should consider staying rather than dismissing a habeas petition containing unexhausted claims when it would be too late for the petitioner to return to federal court, such that a dismissal would "effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Lanham's conviction became final when the time for seeking review in the Indiana Court of Appeals expired in January 2012. *See* IND. APP. R. 9(A) (notice of appeal must be filed within 30 days of trial court's final judgment); *Gonzalez v. Thaler*, --U.S.--, 132 S. Ct. 641, 656 (2012) (when a state

2

prisoner does not complete all stages of appellate review in state court, his conviction becomes final when the time for seeking such review expires). At present, approximately four months have elapsed on the one-year statute of limitations for seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1)(A). The federal deadline will be tolled during the time Lanham has a properly filed state post-conviction petition pending. *See* 28 U.S.C. § 2244(d)(2).

Based on the above, Lanham should have more than sufficient time to exhaust his state court remedies and return to federal court if he acts diligently. Accordingly, a stay is not warranted. The petition will be dismissed, but the dismissal will be without prejudice to Lanham's right to pursue federal habeas relief once he has exhausted his state court remedies.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where an adverse judgment is entered against the petitioner. To obtain a certificate of appealability, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would

3

find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry, and the court need only address one component if that will resolve the issue. *Id.* at 485.

As was fully explained above, Lanham has not yet exhausted his state court remedies. A dismissal without prejudice for failure to exhaust is not an appealable order, unless the petitioner would be time-barred if he were to return to federal court. *See Dolis*, 454 F.3d at 723-24; *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). As explained above, that is not a concern in this case. Accordingly, there is no basis for an appeal. Aside from this procedural barrier, there is nothing to suggest that jurists of reason could debate the correctness of the court's procedural ruling or find a reason to encourage Lanham to proceed further without first exhausting his state court remedies. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petition (DE # 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES and the petitioner is **DENIED** a certificate of appealability.

                                             **SO ORDERED.**

Date: May 4, 2012

                                  s/James T. Moody  
                                  JUDGE JAMES T. MOODY  
                                  UNITED STATES DISTRICT COURT